**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CEDAR LANE TECHNOLOGIES, INC., | ) | |
| Plaintiff, | ) ) ) | C.A. No. 21-1397-RGA |
| v. | ) ) | |
| OMRON ELECTRONICS LLC | ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) ) ) | |

## DEFENDANT OMRON ELECTRONICS LLC'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Omron Electronics LLC ("Omron" or "Defendant"), by and through their undersigned counsel, hereby answer the Complaint Plaintiff Cedar Lane Technologies, Inc. ("Cedar Lane" or "Plaintiff") as follows:

1. Paragraph 1 does not contain any factual allegations requiring a response. To the extent any allegations require a response, Defendant denies them.

## PARTIES

2. Defendant at present is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2, and on that basis deny them.

3. Admitted.

## JURISDICTION

4. Admitted that this purports to be an action for patent infringement and denied that Omron infringes any valid claim of any asserted patent.

5. Admitted.

6. Admitted that this Court has personal jurisdiction over Defendant for purposes of this Action. Defendant denies it has committed any acts of infringement.

## VENUE

7. The allegations in the first sentence of Paragraph 7 contain a legal conclusion to which no response is required. Defendant denies that is has an established place of business in, or that it has committed acts of infringement in, this District.

## PATENTS-IN-SUIT

8. Admitted that the complaint alleges infringement of U.S. Patent Nos. 6,972,790 (the "'790 Patent") and 8,537,242 (the "'242 Patent") (collectively, the "Patents-in-Suit") and denied that Defendant infringes any valid claim of any asserted patent. Defendant at present is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations set forth in Paragraph 8, and on that basis denies them.

## THE '790 PATENT

9. Admitted that the '790 Patent is titled as alleged and that it states on its face that it issued on December 6, 2005 and that the application leading to it was reportedly filed on December 12, 2000. Defendant at present is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations set forth in Paragraph 9, and on that basis deny them.

## THE '242 PATENT

10. Admitted that U.S. Patent No. 8,537,242 (the "'242 Patent") is titled as alleged and that it states on its face that it issued on September 17, 2013 and that the application leading to it was reportedly filed on October 27, 2005. Defendant at present is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations set forth in Paragraph 10, and on that basis deny them.

## COUNT I: INFRINGEMENT OF THE '790 PATENT

11. Defendant incorporates each of its responses to Compl. ¶¶ 1-10 as though fully set forth herein.

12. Denied.

13. Denied.

14. Admitted that Complaint attached claim charts purporting to show infringement of the patents-in-suit, but Defendant denies that it infringes any valid claim of any asserted patent or that these charts constitute "actual knowledge" sufficient to support the filing of the Complaint.

15. Admitted that Defendant sells and offers to sell one or more of the products identified in the charts attached to the Complaint, but Defendant denies that any such products infringe, and therefore denies the remaining allegations of this Paragraph.

16. Denied.

17. Denied.

18. Plaintiff's allegations in Paragraph improperly seek to incorporate by reference unspecified assertions contained in an Exhibit. To the extent understood, Defendant denies the allegations of this Paragraph.

19. Denied.

## COUNT 2: INFRINGEMENT OF THE '242 PATENT

20. Defendant incorporates each of its responses to Compl. ¶¶ 1-19 as though fully set forth herein.

21. Denied.

22. Denied.

23. Admitted that Complaint attached claim charts purporting to show infringement of the patents-in-suit, but Defendant denies that it infringes any valid claim of any asserted patent or that these charts constitute "actual knowledge" sufficient to support the filing of the Complaint.

24. Admitted that Defendant sells and offers to sell one or more of the products identified in the charts attached to the Complaint, but Defendant denies that any such products infringe, and therefore denies the remaining allegations of this Paragraph.

25. Denied.

26. Denied.

27. Plaintiff's allegations in Paragraph improperly seek to incorporate by reference unspecified assertions contained in an Exhibit. To the extent understood, Defendant denies the allegations of this Paragraph.

28. Denied.

## JURY DEMAND

29. No response to Paragraph 29 is required.

## RESPONSE TO PRAYER FOR RELIEF

Omron denies that it infringes or has infringed, either directly or indirectly, any valid and enforceable claim of the '790 patent and/or the '242 patent or that Plaintiff is entitled to any of its requested relief, or other relief of any kind.

## AFFIRMATIVE AND OTHER DEFENSES

Omron alleges and asserts the following defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, Omron specifically reserves all rights to allege additional

defenses that become known through the course of discovery. For its affirmative defenses to the Complaint, Omron alleges as follows:

### *First Affirmative Defense*
### (Non-Infringement)

Omron has not infringed and is not infringing, directly or indirectly, any valid and enforceable asserted claim of the asserted patents.

### *Second Affirmative Defense*
### (Invalidity)

One or more asserted claims of the asserted patents is invalid and/or unenforceable for failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112 and/or 171.

### *Third Affirmative Defense*
### (Equitable Defenses)

Plaintiffs' Counts 1 and 2 are barred, in whole or in part, by laches, equitable estoppel, estoppel, implied license, waiver, ratification, acquiescence, unclean hands, and/or other related equitable doctrines.

### *Fourth Affirmative Defense*
### (Limitations On Damages)

Cedar Lane may not recover some or all of the alleged damages, including but not limited to pre-suit damages, as a consequence of, among other things, the requirements of 35 U.S.C. §§ 286 and 287.

### RESERVATION OF DEFENSES

Defendant reserves the right to assert additional defenses in the event that discovery or other analyses indicate that additional defenses are warranted.

WHEREFORE, Omron denies that it infringes or has infringed, either directly or indirectly, any valid and enforceable claim of the asserted patent, and further denies that Plaintiff is entitled to any judgment against Omron whatsoever. Omron asks that the Complaint be

dismissed with prejudice, that judgment be entered for Omron, and that Omron be awarded its attorneys' fees and costs incurred in this action, together with such other relief the Court deems appropriate.

**JURY TRIAL DEMANDED**

Omron respectfully requests a trial by jury on all issues so triable.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Thomas Duston<br>Raymond R. Ricordati, III<br>Chelsea M. Murray<br>MARSHALL GERSTEIN & BORUN LLP<br>233 S. Wacker Drive<br>6300 Willis Tower<br>Chicago, IL 60606<br>(312) 474-6300<br>tduston@marshallip.com<br>rricordati@marshallip.com<br>cmurray@marshallip.com | */s/ Kelly E. Farnan*<br>Kelly E. Farnan (#4395)<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King St.<br>Wilmington, DE 19801<br>(302) 651-7700<br>farnan@rlf.com<br><br>*Attorney for Defendant*<br>*Omron Electronics LLC* |

Dated: December 29, 2021